```
                    UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                              Criminal No. 18-cr-70-JD
                                           Opinion No. 2021 DNH 185

William Looney


                           O R D E R

William Looney, proceeding pro se, has filed a second motion to have his sentence reduced to time served, pursuant to 18 U.S.C. § 3582(c)(1)(A). He again argues that the combined effect of his medical conditions and the risks presented by the COVID-19 pandemic support his release. He also raises a new argument that the facility where he is incarcerated, FCI Hazelton, is unable to treat his hernia condition.

Counsel was appointed for Looney, and counsel has filed two addenda to Looney's motion. The government objects to the relief Looney is seeking. A United States Probation Officer has filed a report with updated information.


                      Standard of Review

When a defendant moves for relief under § 3582 and has satisfied the administrative exhaustion requirement, the court may reduce the defendant's term of imprisonment based on a finding that "extraordinary and compelling reasons warrant such

a reduction" and "after considering the factors provided in [18 U.S.C. §] 3553(a) to the extent that they are applicable." § 3582(c)(1)(A). The statute also directs consideration of whether the requested "reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

The United States Sentencing Commission issued a policy statement for the Director of Prisons when addressing motions under § 3582(c)(1)(A), United States Sentencing Guidelines § 1B1.13. The Commission, however, has not considered that policy in light of the COVID-19 pandemic, changes wrought by the First Step Act, or motions filed with the court by prisoners. United States v. Saccoccia, 10 F.4th 1, 7-8 (1st Cir. 2021). For those reasons, "the overwhelming majority of courts of appeals" that have considered the issue have held that § 1B1.13 is not applicable policy for purposes of a prisoner-initiated motion under § 3582(c)(1)(A). Id. at 8. In such cases, courts "may go beyond the confines of the Sentencing Commission's current policy guidance . . . in determining whether a particular circumstance or set of circumstances constitutes an extraordinary and compelling reason to grant the motion." Id.; United States v. Feliz, --- F. Supp. 3d ---, 2021 DNH 152, 2021 WL 4521967, at *1 (D.N.H. Oct. 4, 2021).

2

## Background

Looney pleaded guilty to a charge of possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). He was sentenced on August 31, 2018, to a term of imprisonment for 120 months to be followed by four years of supervised release. He has served about 43% of his sentence with a projected release date of February 3, 2026.

He is now fifty-eight years old and is incarcerated at the Federal Correctional Institution Hazelton in Bruceton Mills, West Virginia ("FCI Hazelton"). Looney has had a clear disciplinary record while incarcerated. His security level is classified as medium, which has precluded review by the BOP for home confinement under the CARES Act.[1] He has been assessed as a medium risk for recidivism.

Looney has a history of substance abuse. On July 26, 2017, a confidential informant bought one gram of fentanyl from Looney and an arrest warrant was issued the next day. At the time of his arrest on July 28, 2017, Looney had several bundles on the center console of his rental vehicle that later were identified as 285.3 grams of a substance containing fentanyl. He was on parole for assault and drug offenses when he committed the

---

[1] Looney contends that he now qualifies for minimum security classification. He states that he cannot be reclassified due to pending medical treatment.

3

offense that led to his arrest and conviction.  Looney has a long criminal history with drug, theft, and assault offenses. He will be on parole from the New Hampshire State Prison until 2035 because of a first degree assault in 2000.

As documented in the presentence report and confirmed in the subsequent reports submitted by probation officers, Looney has the following health conditions:  "obesity, migraines, hypermetropia, presbyopia, essential hypertension, varicose veins of lower extremities with complications, gastro-esophageal reflux disease without esophagitis, unspecified abdominal hernia, constipation, sciatica, edema, and prediabetes."  Doc. no. 31, at *3.  He has been prescribed medications for his health conditions.  Nevertheless, the BOP has determined that Looney has no medical restrictions.

Looney's first motion for relief under § 3582(c) was denied on November 2, 2020.  The court noted that the government did not dispute that Looney had exhausted administrative remedies and had stated an extraordinary and compelling reason for relief based on the increased risk he would face if he were to contract COVID-19.  The motion was denied based on the § 3553(a) factors.

In his new motion, with respect to COVID-19, Looney states that he has received both doses of the Pfizer vaccine.  He represents that the vaccination rate at FCI Hazelton is just

4

over half of the population.[2]  Currently, FCI Hazelton is reporting seven active cases of COVID-19 among inmates and one case among the staff.  www.bop.gov/coronavirus/ (last visited Nov. 29, 2021).  He asserts a comorbidity of obesity.  In his second addendum, Looney informs the court that he was refused a booster vaccine because medical services did not have sufficient doses.

Looney's medical records show that he has been diagnosed with an inguinal hernia.  The government had Looney's medical records reviewed by Dr. J. Gavin Muir.  The government represents that Dr. Muir advised that hernias are generally treated with elective surgery, although some patients choose to be monitored rather than undergo surgery.  An acute situation occurs when the hernia causes strangulation.  The medical records show that Looney's care providers have ordered medication, imaging, testing, and referrals.  On one occasion, Looney declined abdominal imaging that had been ordered.[3]  Looney asserts that he has not received treatment because medical services at FCI Hazelton have been delayed or cancelled due to the demands of the pandemic.  On the other hand, however, he

---

[2] The government represents that 72.5% of the inmates at FCI Hazelton are vaccinated.

[3] Looney states that he did not attend that appointment because he was experiencing pain and illness from the hernia.

5

also asserts that treatment for his hernia is scheduled, and that a change in his security classification would cause that treatment to be cancelled.

After Looney filed his motion and after his counsel filed two addenda, counsel filed a third addenda to address the current changed conditions at FCI Hazelton. Looney received a memorandum on November 29, 2021, that out of cell time and inmate programs would remain suspended until further notice because of increased levels of positive COVID-19 cases. He states that he missed his doctor's appointment that was scheduled for 9:30 that morning, apparently because of the new restrictions. He also states that he has not been able to get a booster shot for COVID.

If he were released, Looney intends to seek residential treatment for substance abuse at the Antrim House in Antrim, New Hampshire, and has contacted Melissa Weston there. He intends to rent his home in Manchester to pay for treatment. He further states that if his hernia is repaired, he intends to return to HVAC work. Because the plan is tentative, the probation officer did not contact the Antrim House.

## Discussion

In support of his current motion, Looney again asserts that he has an extraordinary and compelling reason to support relief

6

under § 3582(c) because he faces increased risk from COVID-19. He also states, however, that his primary reason is that FCI Hazelton has been unable to treat his inguinal hernia condition. The government objects, arguing that COVID-19 no longer poses the risk that existed before Looney was vaccinated and that Looney has been provided and offered appropriate treatment for his hernia condition. In addition, the government contends that the § 3553(a) factors do not support release.

A. Extraordinary and Compelling Reason Based on Risk Due to COVID-19

Looney contends that he has demonstrated an extraordinary and compelling reason for release because his health conditions put him at increased risk of a poor outcome if he were to contract COVID-19. He argues that although he is vaccinated and the majority of other inmates at FCI Hazelton are vaccinated, a risk still exists, particularly because he has not received the booster. The government provides evidence that the risk of contracting COVID-19 and of having serious consequences is greatly reduced by vaccination.

Courts that have considered whether the COVID-19 pandemic presents an extraordinary and compelling reason for release of a vaccinated inmate who has other comorbidities for COVID-19, have determined that it does not. See United States v. Traylor, 16

7

F.4th 485, 487 (6th Cir. 2021); United States v. Broadfield, 5 F.4th 801, 802 (7th Cir. 2021); United States v. Ibarra-Loera, 2021 WL 5531196, at *8 (E.D. Tex. Nov. 24, 2021) (citing cases); but see United States v. Johnson, 2021 WL 5494527, at *12-*13 (D. Md. Nov. 23, 2021) (concluding that particular inmate showed eligibility for release despite vaccination). "Vaccinated prisoners are not at greater risk of COVID-19 than other vaccinated persons." Id.; see also United States v. Jefferson, 2021 WL 4279626, at *2 (3d Cir. Sept. 21, 2021).

In this case, Looney is vaccinated and is housed in a facility where more than half of the inmates are vaccinated. Looney represents that he has not yet received a booster, FCI Hazelton is administering boosters, and the BOP guidance on COVID-19 vaccines provides that inmates such as Looney should be offered the booster. See COVID-19 Vaccine Guidance, Federal Bureau of Prisons, Clinical Guidance, Oct. 13, 2021. The new conditions at FCI Hazelton with more positive COVID-19 cases in Looney's unit may increase his risk of exposure but also show the measures the prison is taking to prevent exposure. Despite the possibility of a breakthrough infection, Looney is vaccinated and has not shown that his medical condition is an extraordinary and compelling reason for release under § 3582(c).

B.  Extraordinary and Compelling Reason Based on Hernia
    Condition

Looney contends that the health services at FCI Hazelton have not and cannot provided treatment for his hernia condition because of the burden of dealing with COVID cases.  He asserts that his hernia condition is serious, even life threatening.  For that reason, Looney argues that his need for treatment is an extraordinary and compelling reason to release him so that he can find medical treatment outside of prison.  The government disagrees.

Contrary to Looney's theory, the record shows that he has received medical services for his hernia condition, including medication and testing.  He missed the appointment scheduled by his doctor in July for abdominal imaging, which was rescheduled.  He made no requests for medical care between August and October of 2021.  When he complained in October about stomach cramps and chest pain, his unit was directed to send him to health services, but he did not go.

Based on the third addenda, Looney had a doctor's appointment scheduled for 9:30 a.m. on November 29.  He apparently was not able to get to that appointment because of the restrictions imposed on his unit.  That appointment will be rescheduled when the restrictions are lifted.  Looney has not shown that the prison would be unable to respond to an emergency

9

if that should arise during the COVID-19 restrictions.

Looney has not established that he has a life-threatening hernia condition, as he alleges, that is not being treated at FCI Hazelton. Instead, the record and Looney's filings show that he is receiving treatment for his hernia condition and further treatment is pending. Although restrictions because of COVID-19 apparently have delayed his doctor's appointment, the prison is providing treatment within the necessary parameters. Therefore, Looney has not shown an extraordinary and compelling reason for release based on his hernia condition.

C. <u>Section 3553(a) Factors</u>

Even if Looney were able to demonstrate an extraordinary and compelling reason to support a reduction of his sentence under § 3582(c), the applicable factors under § 3553(a) weigh against that result. Section 3553(a) states that the "court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" provided in § 3553(a)(2) and lists factors for determining an appropriate sentence. The first two factors are particularly pertinent for purposes of this motion.[4] The first factor directs the sentencing court to

---

[4] The third factor directs consideration of "the kinds of sentences available;" the fourth and fifth factors focus on the Sentencing Guidelines; the sixth factor addresses "the need to avoid unwarranted sentence disparities;" and the seventh factor

10

consider "the nature and circumstances of the offense and the history and characteristics of the defendant." § 3553(a)(1). The second factor focuses on the purposes of sentencing, including:

> the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

§ 3553(a)(2).

The court considered the § 3553(a) factors when Looney was sentenced to 120 months in prison, which was an appropriate sentence for his serious drug crime, involving fentanyl. The court considered the factors again for purposes of his first motion pursuant to § 3582(c)(1)(A) and concluded that a reduction of his sentence was not appropriate. To avoid that outcome here, Looney notes that he has now served more of his sentence, still has not had any disciplinary reports, has completed a variety of classes and programs, and may qualify for a reduced security classification.

---

directs courts to consider the defendant's restitution obligations.

11

Looney was arrested on state drug charges in July of 2017, involving 285 grams of fentanyl. He was later arrested on federal charge of possession of a controlled substance with intent to distribute and pleaded guilty in May of 2018. Looney's criminal history goes back to 1983 and includes many drug offenses along with a conviction for assault on a police officer and others in 2000. He continued his criminal conduct, including the drug offense in this case, while on parole for the assault conviction.

Despite his good disciplinary record and his participation in classes and programs while incarcerated, which are commendable, Looney's criminal history weighs against release. In addition, he has not yet completed even half of his sentence, which was an appropriate sentence for his crime. As such, the § 3553(a) factors continue to weigh against relief under § 3582(c)(1)(A).

## Conclusion

For the foregoing reasons, Looney's motion for relief under § 3284(c)(1)(A) (document no. 27) is denied.

SO ORDERED.

Joseph A DiClerico, Jr.
United States District Judge

December 6, 2021
cc: Counsel of record.

12